UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAX FELIX, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 12-10997-GAO |
| KEVIN DONNELLY, ET AL., | ) | |
| | ) | |
| | ) | |

ORDER ON PENDING MOTIONS

O'TOOLE, D.J.

On June 13, 2012, this civil action was removed to this Court from the Norfolk Superior Court.  Since that time, Plaintiff Max Felix ("Felix") has filed numerous motions seeking relief. The Defendants also have sought relief and filed Opposstitions.   Upon review of the record, the following rulings on the pending motions are hereby made:

1.    The Motion to Admit

In his Motion to Admit, Felix seeks admissions from the Defendants.  The Court agrees with the Defendants in their Opposition (Docket No. 14) that the Motion is premature. Accordingly, the Motion to Admit (Docket No. 6) is <u>DENIED</u>.  This Court will set status/scheduling conference at which time the pending issues not resolved by this Order may be addressed.

2.    The Motion For Relief

In his Motion for Relief, Felix seeks various monetary damages.  The Motion for Relief (Docket No. 8) is <u>DENIED</u> to the extent it seeks immediate relief from this Court.  Nevertheless, the pleading shall be treated as a supplement to the Complaint setting forth Felix's requested claims for relief.

3.      <u>The Motion to Dismiss</u>

Defendants Kevin Donnelly, Edward O'Leary, Paul Porter, the Town of Randolph Police

Department, and the Town of Randolph seek to dismiss this action pursuant to Fed. R. Civ. P.

12(b)(5) for insufficiency of service of process.  Of concern here, however, is the fact that this

action was pending in state court at the time summonses were issued.  In light of the removal of

this case to federal court, the Defendants' Motion to Dismiss (Docket No. 10) is <u>DENIED</u>

without prejudice.  Felix shall be given an opportunity to effect proper service on the Defendants

if a waiver of service is not obtained by him.

4.      <u>The Motion to Strike Plaintiff's Motion to Admit and to Order it Withdrawn</u>

Defendants seek to strike Felix's Motion to Admit (Docket No. 6) on the grounds that

this and other discovery requests should not be served until after the initial scheduling

conference which has not yet been set.  They argue that at that time, this Court may take into

consideration whether requests for admissions should be served at all and, if so, the time-frame

for requesting them and for making other discovery requests.

The Motion to Strike Plaintiff's Motion to Admit and to Order it Withdrawn (Docket No.

14) is <u>DENIED</u> as moot in view of the above Order denying Felix's Motion to Admit as

premature.

5.      <u>The Motion for Leave to Proceed *In Forma Pauperis*</u>

Felix's Motion for Leave to Proceed *in forma pauperis* (Docket No. 15) is <u>DENIED</u>

without prejudice.  He owes no filing fee in light of the removal of this case and the payment of

the removal fee by the Defendants.  Nevertheless, this Court will consider Felix's financial

disclosures contained in the motion in connection with his Motion to Appoint Counsel.  The

Court will also consider the request as it pertains to advancement of costs of service of process by the United States Marshal Service.

6.      The Motion to Appoint Counsel

Felix seeks appointment of counsel because he is indigent.

The Motion to Appoint Counsel (Docket No. 16) is <u>DENIED</u> without prejudice.  Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  <u>DesRosiers v. Moran</u>, 949 F.2d 15, 23 (1st Cir. 1991).  In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  <u>Id.</u>  To determine whether exceptional circumstances sufficient to warrant the appointment of counsel are present in a case, the court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent him or herself.  <u>Id.</u> at 24.

Here, Felix offers no grounds for appointment of counsel apart from the fact that he is indigent.  This Court cannot evaluate adequately the merits of his claims challenging his arrest by the police and wrongful prosecution without a meaningful response on the merits from the Defendants.  Accordingly,  the expenditure of the scarce *pro bono* resources of the Court is not warranted at this juncture.  This denial is without prejudice to renew <u>after</u> the Defendants have filed a responsive pleading on the merits, and upon a showing of exceptional circumstances warranting appointment of *pro bono* counsel.

7.     <u>The Motion for Reissuance of Summonses</u>

As noted above, this action was removed to this Court and no federal summonses have issued.  Felix seeks the issuance of summonses in order to effect proper serve on the Defendants. The Court finds Felix's request to be sound.

Accordingly, Felix's Motion for Reissuance of Summonses (Docket No. 17) is <u>ALLOWED</u>.  The Clerk shall issue summonses as to each Defendant.

8.     <u>The Motion for Service By the U.S. Marshal Service</u>

Felix seeks an Order directing the United States Marshal Service to make service of process on the Defendants.  Because Felix is indigent, the Court <u>ALLOWS</u> the Motion for Service By the U.S. Marshal Service (Docket No. 18), provided, however, that Felix supply the U.S. Marshal Service with all the necessary address information in order for the U.S. Marshal Service to effect proper service in accordance with the Federal Rules of Civil Procedure.[1] Further, Felix is responsible for providing the U.S. Marshal Service with the necessary copies of the Complaint and summonses; the Clerk's Office shall not bear the copy costs.  The Clerk shall send Felix the standard service package with the necessary USM forms for completion.

9.     <u>The Motion to File Electronically; The Motion for Order Allowing Access to CM/ECF</u>

In his Motion to File Electronically, Felix seeks to authority to file his pleadings electronically so that he meets all the required deadlines.  As a related matter, in his later-filed Motion for Order Allowing Access to CM/ECF, Felix also seeks to have access to the CM/ECF system in order to monitor his docket.  He states that he recently lost his home through

---

[1]Should Defendants wish to waive service of process and accept service, they must inform Felix of this so that the United States Marshal Service is not put to undue expense.

foreclosure and is currently staying with friends. He only has a P.O. Box and is concerned that he will miss important mailings concerning this action. He checks his e-mails daily and thus is able to keep abreast of the status of his case by electronic means.

Presumably, in connection with both of these motions, Felix is seeking access to PACER (the means by which public access to court records may be obtained and through which pleadings may be filed on the Court's CM/ECF system).

A district court has the authority, under certain circumstances and upon motion, to exempt certain persons or classes of persons from the fees associated with PACER use. See 28 U.S.C. § 1914 (setting forth the Judicial Conference's Electronic Public Access Fee Schedule and Policy Notes).[2] The Judicial Conference's Electronic Public Access Fee Schedule states as follows:

> [C]ourts may, *upon a showing of cause*, exempt indigents...from payment of these fees. Courts must find that parties from the classes or entities listed above seeking exemption have demonstrated that an exemption is necessary *in order to avoid unreasonable burdens and to promote public access to information*.

(emphasis added). Accordingly, an indigent person is eligible for a waiver of PACER fees if he shows both that an exemption is necessary in order to avoid unreasonable burdens and also that it is necessary to promote public access to information. In reviewing a request for such an exemption, the Court is mindful that the Judicial Conference Policy Notes following the Electronic Public Access Fee Schedule state that fee-waived access to PACER "should be granted as the exception, not the rule."

In this case, Felix's financial disclosures, see Docket No. 15, demonstrate sufficiently that he

---

[2]PACER charges include an access fee of $0.10 per page or $3.00 per document with an audio attachment, as approved by the Judicial Conference of the United States.

lacks funds to pay the fees associated with PACER use. He has also demonstrated good cause why electronic access is necessary to check the docket to keep informed of the status of this civil action and to ensure he meets filing deadlines. This Court encourages litigants to monitor their dockets in pending cases continually and to file electronically, and thus it is in the public interest to permit Felix an opportunity to do so. Moreover, allowance of Felix's request would conserve Court resources in that Felix's need to regularly contact Court staff telephonically in order to obtain docket information would be minimized if he is able to check the docket electronically on his own, as would the need for docketing his pleadings by Court staff.

Accordingly, Felix's Motion to File Electronically (Docket No. 23) and his Motion for Order Allowing Access to CM/ECF (Docket No. 27) are <u>ALLOWED</u>, subject to the following conditions:

1. Felix shall be permitted to use PACER and is exempted from PACER fees for the duration of this civil action in this Court. Upon completion of this action in the District Court, access to PACER free of cost will cease;

2. Felix shall contact the Clerk's Office to arrange to set up a PACER account, or he may register online at http://pacer.psc.uscourts.gov or call PACER Service Center at (800) 676-6856; and

3. Felix shall complete any necessary training in the use of PACER, and obtain the necessary computer equipment needed for PACER use.

10.   <u>The Motion in Limine</u>

For the same reasons his discovery motions are premature, Felix's Motion in Limine is premature. Accordingly, the Motion in Limine (Docket No. 24) is <u>DENIED</u>. The matter may be raised at the status/scheduling conference.

11.   <u>The Motion for an Order to Cease and Desist</u>

Felix seeks injunctive relief in the form of a Cease and Desist Order directing the Defendants to delete from the Town of Randolph's website alleged defamatory statements about him (concerning

Felix's arrest for armed robbery of a Burger King).  On September 24, 2012, the Defendants filed an

Opposition to the motion.  They argue that Felix has failed to provide any explanation of how his

request has anything to do with the lawsuit, nor has he set forth upon what authority the Court has to

Order the removal of the news article.

At this time, Felix fails to meet the requirements for preliminary injunctive relief or a

Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure.  To obtain

the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) he will suffer

irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted;

(3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect

the public interest.  Voice of The Arab World v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st

Cir. 2011); Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see

Weaver v. Henderson, 984, F. 2d 11, 12 (1st. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v.

Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to

temporary restraining orders).  Likelihood of success on the merits is the critical element of the

four-factor framework.  Weaver v. Henderson, 984 F.2d at 12.

Here, this Court will not construe Felix's Motion for an Order to Cease and Desist as a

request for a preliminary injunction because preliminary injunctions may not be issued without notice

to the adverse party, and the motion does not appear to have been served on the Defendants.  See Fed.

R. Civ. P. 65(a)(1).

To the extent Felix seeks an *ex parte* Temporary Restraining Order for the removal of the

news article from the Defendants' website, such relief may be sought pursuant to Fed. R. Civ. P.

65(b).[3]  The same four-factor test for preliminary injunctions also has been extended to temporary

restraining orders.  Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); see Butler v. Maine

Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria).  A party seeking an *ex parte*

temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will

occur before the adverse party or that party's attorney can be heard in opposition to the motion.  Fed.

R. Civ. P. 65(b).  Further, the party's attorney (or the party himself, if proceeding *pro se* as here)

must certify to the court in writing the efforts, if any, which have been made to give the notice and

the reasons supporting the claim that notice should not be required.  Id.

    As an initial matter, Felix failed to certify his efforts to give notice to the named Defendants

in this action.  The failure to do so provides sufficient grounds for denial of the request.  See

Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in

part, where there had been no certification to court in writing, of the efforts, if any, of notification to

adverse parties).  Further, he has not shown a likelihood of success on the merits, nor has he shown

that the requested injunctive relief is reasonably related to the legal claims asserted in his Complaint.

Moreover, on this record, the Court cannot gauge adequately whether the harm to Felix outweighs the

harm to the Defendants, and whether the public interest would be harmed.  Finally, although Felix

---

[3]Rule 65(b) (1) (A) and (B) states that:

> The court may issue a temporary restraining order without written or oral notice
> to the adverse party or that party's attorney only if (A) specific facts in an
> affidavit or a verified complaint clearly show that immediate and irreparable
> injury, loss, or damage will result to the movant before the adverse party can be
> heard in opposition; and (B) the movant's attorney certifies in writing any efforts,
> made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A), (B).

alleges that he has lived in Randolph for most of his life and the article will pop up during a name

search, there is no basis to find that he has shown that he will be irreparably harmed should injunctive

relief not be granted at this time.

Accordingly, Felix's Motion for an Order to Cease and Desist (Docket No. 28) is <u>DENIED</u>.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that:

1.     Plaintiff's Motion to Admit (Docket No. 6) is <u>DENIED</u>;

2.     Plaintiff's Motion for Relief (Docket No. 8) is <u>DENIED</u> but shall be treated as a supplement
        to the Complaint;

3.     Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) (Docket No. 10) is
        <u>DENIED</u>;

4.     Defendants' Motion to Strike Plaintiff's Motion to Admit and to Order it Withdrawn (Docket
        No. 14) is <u>DENIED</u> ;

5.     Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 15) is <u>DENIED</u>;

6.     Plaintiff's Motion to Appoint Counsel (Docket No. 16) is  <u>DENIED</u>;

7.     Plaintiff's Motion for Reissuance of Summonses (Docket No. 17) is <u>ALLOWED;</u>

8.     Plaintiff's Motion for Service By the U.S. Marshal Service (Docket No. 18) is <u>ALLOWED</u>;

9.     Plaintiff's Motion to File Electronically (Docket No. 23) is <u>ALLOWED</u> subject to the
        conditions contained herein;

10.    Plaintiff's Motion for Order Allowing Access to CM/ECF (Docket No. 27) is <u>ALLOWED</u>
        subject to the conditions contained herein;

11.    Plaintiff's Motion in Limine (Docket No. 24) is <u>DENIED;</u>

12.    Plaintiff's Motion for an Order to Cease and Desist (Docket No. 28) seeking a preliminary
        injunction and/or a Temporary Restraining Order is <u>DENIED</u>;

13.    The Clerk shall issue summonses as to each Defendant;

14.     The Clerk shall send the summons(es), Complaint, and this Order to the plaintiff, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m).  The Plaintiff may elect to have service made by the United States Marshal Service (unless a Waiver of Service is obtained from the Defendants).  If directed by the Plaintiff to do so, the United States Marshal Service shall serve the summons(es), Complaint, and this Order upon the Defendants, in the manner directed by the Plaintiff, with all costs of service to be advanced by the United States Marshal Service.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the Plaintiff shall have 120 days from the date of this Order to complete service;

15.     Notwithstanding the Order to the United States Marshal Service, Plaintiff remains responsible for providing the United States Marshal Service will all necessary copies, information, and other required paperwork in order for the United States Marshal Service to effect service of process; and

16.     The Clerk shall schedule a Status/Scheduling conference.

SO ORDERED.

 /s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: 10/11/12