UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10997-GAO

MAX FELIX,
Plaintiff,

v.

TOWN OF RANDOLPH, TOWN OF RANDOLPH POLICE DEPARTMENT, KEVIN
DONNELLY, EDWARD O'LEARY, and PAUL PORTER,
Defendants.

ORDER ADOPTING REPORT AND RECOMMENDATION
July 22, 2013

The magistrate judge to whom this matter was referred has filed a report and recommendation ("R&R") with respect to defendant Town of Randolph's Motion for Judgment on the Pleadings (dkt. no. 38) and the defendant Randolph Police Department's Motion to Dismiss (dkt. no. 40). After carefully reviewing the pleadings, the parties' motion papers, the R&R, and objections, I agree with the conclusions reached by the magistrate judge.

Accordingly, I ADOPT the recommendation of the magistrate and the Town of Randolph's Motion for Judgment on the Pleadings (dkt. no. 38) are GRANTED. Counts II, III, IV, VI, VII, and so much of Count I as alleges a violation of the Massachusetts Civil Rights Act against the Town of Randolph are dismissed with prejudice. The Police Department's Motion to Dismiss (dkt. no. 40) is also GRANTED. The following claims survive against the Town of Randolph: Count V and any federal civil rights claims under Count I.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAX FELIX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-10997-GAO |
| | ) |
| TOWN OF RANDOLPH, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

REPORT AND RECOMMENDATION ON TOWN OF RANDOLPH'S
MOTION FOR JUDGMENT ON THE PLEADINGS AND
RANDOLPH POLICE DEPARTMENT'S MOTION TO DISMISS
[Docket Nos. 38, 40]

May 28, 2013

Boal, M.J.

Pro se plaintiff Max Felix ("Felix" or "Plaintiff") alleges that defendants Town of
Randolph, Randolph Police Department, and Randolph Police Officers Kevin Donnelly, Edward
O'Leary, and Paul Porter violated his civil rights. He also alleges claims for malicious
prosecution, intentional infliction of emotional distress, failure to adequately train officers,
defamation, and invasion of privacy. Defendant Town of Randolph has moved for judgment on
the pleadings and defendant Randolph Police Department has moved to dismiss the claims
against it.[1] For the following reasons, this Court recommends to the District Court Judge
assigned to this case that he grant the Town of Randolph's motion for judgment on the pleadings

---

[1] On November 30, 2012, the District Court referred the motions to the undersigned for a
report and recommendation. Docket No. 43.

and grant the Randolph Police Department's motion to dismiss.

I.     PROCEDURAL BACKGROUND

On May 21, 2012, Felix filed his Complaint in Massachusetts Superior Court. See

Docket No. 5 at 12. On June 13, 2012, the Defendants removed the case to this Court. Docket

No. 1.

Defendants Town of Randolph, Donnelly, O'Leary and Porter filed an answer on

November 20, 2012. Docket No. 37. On November 29, 2012, the Town of Randolph filed a

motion for judgment on the pleadings. Docket No. 38. Also on November 29, 2012, the

Randolph Police Department filed a motion to dismiss. Docket No. 40. Felix filed an opposition

on November 30, 2012. Docket No. 44. On December 3, 2012, Felix filed a document titled

"General Allegations." Docket No. 45.

II.    FACTUAL BACKGROUND[2]

The Plaintiff appears to allege that defendant Kevin Donnelly, a police officer for the

Town of Randolph, has engaged in a continuous effort to harass and threaten Felix. Complaint,

¶¶ 5, 8. For example, Felix alleges that in March 2009, he walked into the Randolph Police

Station to report a rental car stolen but he was arrested and charged with assault and battery with

a dangerous weapon, failure to stop for police, negligent operation of a motor vehicle and

unlicensed operation of a motor vehicle. Complaint, ¶ 8(a). He also alleges that Donnelly

fabricated evidence and committed perjury when testifying against Felix in criminal proceedings.

---

[2] Because this case is presently before the Court on a motions to dismiss and for
judgment on the pleadings, the Court sets forth the facts taking as true all well-pleaded
allegations in the Complaint and drawing all reasonable inferences in the Plaintiff's favor. See
Morales-Tañon v. Puerto Rico Electric Power Authority, 524 F.3d 15, 17 (1st Cir. 2008); Curran
v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007).

Complaint, ¶ 8(b), (g), (i), (j), (k).

Felix also alleges that in June 2010, he went to the Randolph Police Station to file a
formal complaint against Donnelly. Complaint, ¶ 8(f). Defendant Lieutenant Edward O'Leary
interviewed Felix about his complaint. Id. O'Leary allegedly asked Felix "when your [sic]
found guilty will you apologize for this complaint?" Id. O'Leary stated in a typed letter "your
complaints are not credible and are unfounded." Id.

In December 2011, Felix went to the Randolph Police Station to file a complaint against
Donnelly for committing perjury and malicious prosecution. Complaint, ¶ 8(h). O'Leary
approached Felix and stated "[j]ust because you were found not guilty doesn't mean you're not
guilty!" Id. O'Leary became aggressive, ordered Felix out of the station and yelled "I've been
doing this job longer than you've been born" and "get the fuck out of here." Id. Several officers
approached Felix in an intimidating manner and escorted him out of the building. Id.

The Complaint contains the following seven counts against apparently all Defendants: (1)
violations of the Massachusetts Civil Rights Act,[3] (2) conspiracy to violate civil rights, (3)
intentional infliction of emotional distress. (4) malicious prosecution, (5) failure to adequately
train officers, (6) defamation, and (7) invasion of privacy.

III.   ANALYSIS

The Randolph Police Department moved to dismiss the Complaint against it because, as a
subdivision of the Town of Randolph, it is not an entity subject to suit. Docket No. 41 at 1. The
Town of Randolph moves for judgment on the pleadings on all of Felix's claims except for any

---

[3] Although this count is titled as a violation of the Massachusetts Civil Rights Act, it
appears to also include federal civil rights claims under 42 U.S.C. §§ 1981, 1982, and 1983. See
Complaint, ¶ 9.

federal civil rights claims and failure to adequately train officers. The Town argues that, as a municipality, it is not a person subject to the Massachusetts Civil Rights Act. Docket No. 39 at 1-2. The Town also argues that it is not a person capable of engaging in a conspiracy. Id. at 2. Finally, the Town argues that Felix's tort claims must be dismissed because under Massachusetts law, municipalities such as the Town are not liable for any claims arising out of an intentional tort. Id. at 2.

      A.    Standard Of Review

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss."[4] Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (citing Curran v. Cousins, 509 F.3d 36, 43-44 (1st Cir. 2007)).

"To survive a motion to dismiss [and by extension, a Rule 12(c) motion], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

"Because this motion, like a motion to dismiss a complaint under Rule 12(b)(6), involves

---

[4] Although the Randolph Police Department moved to dismiss the claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the standard of review is the same.

some assessment of the merits, we view the facts contained in the pleadings in the light most favorable to the party opposing the motion – here, the plaintiff – and draw all reasonable inferences in the plaintiff's favor." Curran, 509 F.3d at 43 (citation omitted). Pro se pleadings are to be liberally construed. Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1991). "There is . . . a modest difference between Rule 12(c) and Rule 12(b)(6) motions.  A Rule 12(c) motion . . . implicates the pleadings as a whole." Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54-55 (1st Cir. 2006) (citations omitted).  In reviewing a motion for judgment on the pleadings, the Court "may supplement the facts contained in the pleadings by considering documents fairly incorporated therein and facts susceptible to judicial notice." Curran, 509 F.3d at 44 (citation omitted).

     B.     <u>The Claims Against The Randolph Police Department Should Be Dismissed</u>

Felix's claims against the Town of Randolph's Police Department are subject to dismissal.  It is well established that a municipal police department is not subject to suit. Henschel v. Worcester Police Dep't, 445 F.2d 624, 624 (1st Cir. 1971) ("If a Police Department may be successfully sued, it is the city which will pay; the result is the same as suing the city."); Murphy v. Town of Natick, 516 F. Supp. 2d 153, 158 (D. Mass. 2007) (police department is not a suable entity); Curran v. Boston, 777 F. Supp. 116, 120 (D. Mass. 1991) (same).  Under both Massachusetts and federal law, a suit against a municipal police department is deemed to be a suit against the municipality itself.  Murphy, 516 F. Supp. 2d at 158 (citations omitted). Accordingly, the proper defendant is the Town of Randolph and this Court recommends that the District Court dismiss all claims against the Randolph Police Department.

C.    The Town of Randolph Is Not Subject To Suit
      Under The Massachusetts Civil Rights Act

Felix brings a claim against the Town of Randolph under the Massachusetts Civil Rights

Act, M.G.L. c. 12, § 11.  "The Massachusetts Civil Rights Act provides a right of action to any

person whose exercise or enjoyment of rights secured by the federal or state constitution or laws

has been interfered with by 'threats, intimidation, or coercion.'"  Bolduc v. Town of Webster,

629 F. Supp. 2d 132, 157 (D. Mass. 2009) (quoting Bally v. Northeastern Univ., 403 Mass. 713,

717 (1989)).  It is well established that a municipality such as the Town of Randolph cannot be

sued under the Massachusetts Civil Rights Act.  Kelley v. LaForce, 288 F.3d 1, 11 n. 9 (1st Cir.

2002) (citing Howcroft v. City of Peabody, 51 Mass. App. Ct. 573 (2001)); Spanish Church of

God of Holyoke v. Scott, 794 F. Supp. 2d 304, 308 (D. Mass. 2011) (citations omitted); Fletcher

v. Szostkiewicz, 190 F. Supp. 2d 217, 230 (D. Mass. 2002).  Accordingly, the Town of Randolph

is entitled to judgment on the pleadings on Felix's Massachusetts Civil Rights Act claims.

D.    The Conspiracy Claim Against The Town Should Be Dismissed

Without citing to any authority, the Town of Randolph argues that the Court should

dismiss Count II of the Complaint alleging a conspiracy to violate civil rights because the Town

is not a person that can engage in a conspiracy.  Docket No. 39 at 2.

The Complaint is not clear regarding the legal basis for the conspiracy claim.  To the

extent that Felix attempts to allege a conspiracy under the MCRA, that claim cannot survive

against the Town of Randolph.  See Kelley, 288 F.3d at 11 n. 9.  To the extent that Felix is

attempting to state a conspiracy claim under Section 1983, Section 1983 does provide for

conspiracy claims, see, e.g., Duncan v. White Plains School Dist., __ F. Supp. 2d __, 2013 WL

440556, at * 7 (S.D.N.Y. Feb. 5, 2013), and a municipality is a "person" for purposes of Section

1983. Raymond v. City of Worcester, 142 F. Supp. 2d 145, 148 (D. Mass. 2001) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 (1978)). Generally, a municipality cannot be charged with conspiring with its employees because that would amount to the municipality conspiring with itself. See Jefferson v. Rose, 869 F. Supp. 2d 312, 318 (E.D.N.Y. 2012); Maloney v. Washington, No. 84 C 689, 1987 WL 26146, at *2 (N.D. Ill. 1987). However, there may be circumstances under which employees of a municipality may conspire with the municipality when they are acting outside of their official capacities. See Maloney, 1987 WL 26146 at * 3. In any event, even construing the Complaint liberally, that claim does not contain allegations sufficient to survive a motion to dismiss. For example, the Complaint provides no specifics as to the identity of the conspirators and any actions taken in furtherance of the conspiracy, let alone whether there was a meeting of the minds between the alleged conspirators. See, e.g., Bala v. Stenehjem, 671 F. Supp. 2d 1067, 1079 (D.N.D. 2009) (citing Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999)). Accordingly, the Court recommends that the District Court dismiss the conspiracy claim against the Town of Randolph.

    E.    The Town Of Randolph Is Immune From Liability For Felix's Claims Of Intentional Infliction Of Emotional Distress, Malicious Prosecution, Defamation, And Invasion Of Privacy

The Massachusetts Tort Claims Act ("MTCA") provides a statutory mechanism by which aggrieved persons may bring claims against the Commonwealth and its municipalities, counties, districts, and its employees and officers thereof. Haney v. City of Boston, No. 11-2668-C, 2012 WL 3144816, at *2 (Mass. Super. July 30, 2012) (citing M.G.L. c. 258, §§ 1 et seq.). The MTCA does not completely abrogate the Commonwealth's sovereign immunity but "simply remove[s] the defense of immunity in certain tort actions against the Commonwealth,

municipalities, and other governmental subdivisions." Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 285 (1985) (citation omitted). The MTCA preserves a municipality's immunity against certain suits. As relevant here, the MTCA provides that municipalities such as the Town of Randolph, are not liable for "any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations." M.G.L. c. 258, § 10(c); see also Swanset Dev. Corp. v. City of Taunton, 423 Mass. 390, 397 (1996); Howcroft v. City of Peabody, 51 Mass. App. Ct. 573, 596 (2001); Consolo v. George, 835 F. Supp. 49, 52 (D. Mass. 1993).

Accordingly, the Town of Randolph is immune from liability for Felix's claims of intentional infliction of emotional distress, malicious prosecution, defamation and invasion of privacy and this Court recommends that the District Judge dismiss those claims against the Town of Randolph.

IV.    RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge assigned to this case grant the Town of Randolph's motion for judgment on the pleadings (Docket No. 38), and dismiss the Massachusetts Civil Rights Act claim contained in Count One, as well as Counts Two, Three, Four, Six and Seven against the Town of Randolph. This Court also recommends that the District Court grant the Randolph Police Department's motion to dismiss (Docket No. 40). If the District Court adopts the recommendation, the following claims will survive against the Town of Randolph: any claims of federal civil rights violations under Count One and Count

-8-

Five of the Complaint.

V.    REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge