UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAX FELIX, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-cv-10997-IT |
| | * | |
| KEVIN DONNELLY, et al., | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM & ORDER

TALWANI, D.J.

*Pro se* Plaintiff Max Felix alleges that Defendants Town of Randolph and Randolph Police Officers Kevin Donnelly, Edward O'Leary, and Paul Porter violated his civil rights and committed state law torts in their investigation and prosecution of incidents occurring in March 2009 and May 2010, and further violated his civil rights when Felix attempted to complain of police misconduct in June 2010 and December 2011. The magistrate judge recommended, see R. & R. 24 [#117], that the court deny Felix's Motion for Summary Judgment [#107] and grant Defendants' Motion for Summary Judgment [#108]. Felix filed timely objections. Obj. to R. & R. [#118]. The court found the evidence proffered by the parties demonstrated a number of disputes of fact. Order [#119]. The court also concluded that these disputes of fact were material to Felix's claims and, consistent with the recommendation, denied Felix's motion for summary judgment. Id.

Defendants' motion presents a more difficult problem. As the magistrate judge noted, on summary judgment, "the [c]ourt must 'scrutinize the evidence in the light most agreeable to the nonmovants, who are entitled to the benefit of all reasonable inferences therefrom.'" R. & R. 11 [#117] (quoting Ahern v. Shinseki, 629 F.3d 49, 53-54 (1st Cir. 2010)). Resolving all reasonable

inferences in favor of Felix and against Defendants, a jury could find a version of the facts very different from that presented by Defendants. By way of example:

- Contrary to paragraph 1 of <u>Defendants' Concise Statement of Material Facts of Record as to which the Moving Party Contends There is no Genuine Issue to Be Tried</u> [#110] ("Defendants' Material Facts"), a jury could find that Max Felix was not the driver of the car that drove away from the roadblock on March 11, 2009. A jury could also find that Officer Donnelly was not that familiar with Felix before the events in question, and did not identify Felix on March 11, 2009, from any prior interactions as he later claimed. A jury could find instead that, before Donnelly "recognized" Felix as the driver of the car, Donnelly first learned that the car had been rented in Felix's name and that the car had been abandoned near Felix's friend's home.

- Contrary to paragraph 6 of Defendants' Material Facts, a jury could find that Felix had a valid Georgia driver's license commencing in 2007 and no Massachusetts residence after 2007, and that Officer Donnelly did not have cause to criminally charge Felix with operating a vehicle without a license in 2009 and 2010, and no basis for having the vehicle Felix was driving in 2010 towed.

- A jury could find that Officer Donnelly testified untruthfully about Felix's license and address and about Officer Donnelly's prior encounters with Felix in the 2011 and 2012 proceedings described in paragraphs 9-13 of Defendants' Material Facts.

- Contrary to paragraph of 2 of Defendants' Material Facts, a jury could find that Officer O'Leary did not adequately investigate Felix's complaints.

Whether these disputes are material poses a different question. The magistrate judge diligently sought to sort through the evidence presented and, as her recommendation implicitly suggests, these disputed facts may ultimately not be material to the legal issues presented. Defendants, however, made no effort to present their motion within a summary-judgment framework and instead presented their version of events as "undisputed material facts" in their Statement of Material Facts. If Defendants are looking for a validation of their version of events, trial is the appropriate forum. And because the facts set forth as material in Defendants' Statement of Material Facts are genuinely disputed, summary judgment is denied.

That said, if Defendants are entitled to judgment as a matter of law on some or all of Felix's claims even if the facts are found in Felix's favor, determining such facts at trial will not resolve this case. Instead, the legal issues will still need to be confronted.

Accordingly, Defendants will be permitted 21 days to file a renewed motion for summary judgment and memorandum in support. Any such motion shall be limited to the evidentiary record previously submitted in connection with the initial motions for summary judgment. Any such motion shall seek to demonstrate that Defendants are entitled to judgment as a matter of law without asking the court to resolve factual disputes in Defendants' favor.

Whether Defendants file a renewed motion for summary judgment or elect to proceed to trial, Felix may request appointment of *pro bono* counsel. Any such request shall be filed promptly after receipt of this order.

If Defendants file a motion for summary judgment, Felix may file an opposition within twenty-one days thereafter (or, if counsel is appointed, within twenty-one days after counsel is appointed), again limited to the evidentiary record submitted in connection with the initial motions for summary judgment.

Conclusion

As set forth above, the court declines to ADOPT the Report and Recommendation [#117] that the court grant Defendants' Motion for Summary Judgment [#108]. Accordingly,

(1) Defendants' Motion for Summary Judgment [#108] is DENIED without prejudice;

(2) Defendants may file, within the 21 days of the date of this order, a renewed motion for summary judgment and memorandum in support. Any such motion shall be limited to the evidentiary record submitted in connection with the initial motions for summary judgment and shall not be based on material facts that are genuinely disputed;

(3) Felix may request appointment of *pro bono* counsel to represent him. Any such request shall be filed promptly after receipt of this order;

(4) If Defendants file a renewed motion for summary judgment, Felix may file an opposition, limited to the evidentiary record submitted in connection with the initial motions for summary judgment, within 21 days of Defendants' filing, or, if counsel is appointed, within 21 days after counsel is appointed.

IT IS SO ORDERED.

Date: September 30, 2016                                    /s/ Indira Talwani
                                                            United States District Judge